IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL LEVI GUY, #205 865           *

    Plaintiff,                              *

    v.                                         *       2:07-CV-157-WKW
                                                        (WO)
SGT. G. TIPPINS                          *

    Defendant.                           *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Daniel Guy ["Guy"], is an inmate incarcerated at the Frank Lee Youth Center in Deatsville, Alabama. He filed this 42 U.S.C. § 1983 action on February 22, 2007 against Sergeant G. Tippins. Guy claims that Defendant Tippins verbally threatened him after he reported actions taken by Defendant Tippins to a superior officer. Guy requests that he be informed of the rule regarding the wearing of wedding bands during inmate visitation and asks that he be transferred to another facility. Upon review of the complaint, as amended, the court finds that it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

## I. FACTS

Guy complains that on February 4, 2007, Defendant Tippins made him remove his wedding ring during visitation. Guy was not aware of any rule or regulation which prohibited the wearing of a wedding ring during visitation, and he did not believe that any such rule or regulation existed. Accordingly, the next day, Guy wrote Captain Burton about the incident, and Burton subsequently discussed the matter with Defendant Tippins. Cpt. Burton found that Guy had not violated any rule with respect to wearing his wedding ring and instructed Defendant Tippins not to question Guy about the matter. Despite this instruction, Defendant Tippins later told Guy that if he challenged actions taken by him (Officer Tippins), he would "be dealt with," and that "the incident wasn't over yet."[2] (Doc. Nos. 1, 10.)

## II. DISCUSSION

The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *see also Hill v. Chalanor,* 128 Fed.Appx. 187, 189 (2nd Cir. 2005) (alleged threats

---

[2]In the original complaint, Guy requested that he be allowed to amend his complaint at a later date if Defendant Tippins continued to harass him and retaliate against him for mentioning the incident about the wedding ring to Defendant Tippins' superior. On April 17, 2007 the court entered an order directing Guy to amend his complaint by presenting specific facts in support of his complaint that Defendant Tippins subjected him to retaliation and to describe how the conduct and/or actions of this defendant subjected him to retaliation. (*See* Doc. No. 9.) In his amended complaint, Guy reiterates his contention that Defendant Tippins verbally abused and/or harassed him after he spoke with Cpt. Burton about Defendant Tippins' conduct in regard to inmates wearing wedding bands during visitation. (*See* Doc. No. 10.)

made by prison guard defendant, "without any allegation that the latter carried through on those threats, did not constitute adverse action."). Consequently, the conduct and remarks Guy attributes to Defendant Tippins, without more, fail to state a claim of constitutional magnitude.

Additionally, to the extent the complaint, as amended, may be construed to allege a claim of retaliation by Defendant Tippins, in order to present a retaliation claim cognizable under § 1983, a prisoner must demonstrate that (i) he engaged in a constitutionally protected activity, (ii) he suffered adverse treatment simultaneously with or subsequent to such activity, and (iii) a causal connection existed between the protected activity and the adverse action. *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600-601 (11th Cir. 1986); *Farrow v. West*, 320 F.3d 1235, 1248-49 (11th Cir. 2003); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2nd Cir. 2004); *Morales v. Mackalm*, 278 F.3d 126, 131 (2nd Cir. 2002); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are insufficient. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Bennett v. Goord*, 343 F.3d 133, 137 (2nd Cir. 2003) (because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations.").

Here, Guy does not state a claim for retaliation in the form of verbal abuse, threats, harassment, and/or mere threatening language and gestures of a custodial officer, because such conduct does not amount to a constitutional violation. *McFadden*, 713 F.3d at 146; *Johnson*, 481 F.2d at 1033; *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987); *Thaddeus-*

*X,* 175 F.3d at 398. Consequently, the conduct and remarks Guy attributes to Officer Tippins will not support a claim of violation of his constitutional rights, and the complaint, as amended, is therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 14, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      DONE, this 1st day of May, 2007.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      UNITED STATES MAGISTRATE JUDGE