IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL LEVI GUY, #205 865          *

    Plaintiff,                          *

    v.                                  *          2:07-CV-157-WKW
                                    (WO)

SGT. G. TIPPINS                     *

    Defendant.                          *

_____


## SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 1, 2007, the undersigned entered a Recommendation that Plaintiff's complaint against Sergeant Tippins be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). On May 14, 2007, Plaintiff filed objections to the Recommendation of the Magistrate Judge. Upon thorough review of this pleading, the court concludes that Plaintiff's objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contentions raised by Plaintiff in his objections.

In an attempt to demonstrate that his constitutional rights are being violated by Defendant Tippins' refusal to allow him to wear his wedding ring during visitation, Plaintiff maintains that Defendant Tippins' conduct violates standard operating procedure as it concerns the wearing of wedding rings by prisoners. Plaintiff further contends that Defendant Tippins' conduct is in "violation of the Plaintiff's religionist [sic] rights." (Doc.

No. 12.).

With regard to Plaintiff's complaint that Officer Tippins' conduct violates prison administrative rules and/or regulations, this claim entitles him to no relief. Assuming, for the sake of argument, that Defendant Tippins deviated from standard operating procedures and/or agency regulations in dealing with Plaintiff regarding the wearing of wedding rings during visitation, Plaintiff has failed to allege or demonstrate that such conduct constitutes a due process violation. Not every deviation from an agency's rules violates the Constitution. *Smith v. State of Georgia*, 684 F.2d 729 (11th Cir. 1982); *see also Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987); *Ka Fung Chan v. Immigration & Naturalization Service*, 634 F.2d 248 (5th Cir. 1981).

Plaintiff's complaint that Defendant Tippins' refusal to allow Plaintiff to wear his wedding band during visitation impinges on his religious rights is likewise unavailing. Under the First Amendment, prisoners are entitled to reasonable opportunities to pursue sincerely held religious beliefs. *Cruz v. Beto,* 405 U.S. 319, 322 (1972). Here, however, Plaintiff fails to establish that wearing a wedding band during visitation is essential to his practice of any sincerely held religious belief and/or that his temporary inability to wear his wedding band unduly burdens his ability to engage in the practice of his religion. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987). Consequently, Plaintiff's claims against Officer Tippins are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The May 1, 2007 Recommendation of the Magistrate Judge be adopted; and

2.  Plaintiff's due process and First Amendment claims be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the supplemental Recommendation on or before **June 4, 2007.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of May, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE